GREGG ZUCKER SBN 166692
SEVAG DEMIRJIAN SBN 243656
**FOUNDATION LAW GROUP LLP**
445 SOUTH FIGUEROA STREET, SUITE 3100
LOS ANGELES, CALIFORNIA 90017
Telephone: 310-694-9931
Facsimile: 310-946-0339
E-mail: sevag@foundationlaw.com

Attorneys for Plaintiff Foundation Law Group LLP

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOUNDATION LAW GROUP LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>Weiru Wang, Foundations Law Office, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-02186<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DAMAGES, INJUNCTIVE AND OTHER RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1. This is an action in law and equity for trademark infringement, false designation of origin, and unfair competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125 et seq., for trademark infringement, unfair competition, injury to business reputation and deceptive trade practices under the laws of the State of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 because Plaintiff's claims arise under the

Trademark Act of 1946, as amended, 15 U.S.C. 1051, et seq. The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. 1338(b) and 28 U.S.C. 1367(a).

3. The Court has personal jurisdiction over Defendants by virtue of the fact that, upon information and belief, Defendants (a) are doing business in the State; (b) have transacted business within the State of California; and (c) have infringed Plaintiff's trademarks within the state.

4. Venue is proper in this District under 28 U.S.C. 1391(a), in that all of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. 1391 (b) and (c) because Defendants do business in, have substantial contacts with and/or may be found in the Central District of California, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

**PARTIES**

5. Plaintiff Foundation Law Group LLP (hereinafter "Plaintiff" or "FLG") is and at all times mentioned here was, a Limited Liability Partnership organized and existing under the laws of the State of California, having a principal place of business at 445 South Figueroa Street, Suite 3100, Los Angeles, California 90017.

6. Defendant Weiru Wang is an individual currently residing in the State of California.

7. Upon information and belief , Defendant Foundations Law Office is a business organization of unknown entity type doing business in California with the capacity to sue and to be sued, headquartered in Sacramento, California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, and therefore sues said Defendants under such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein as a Doe is legally responsible

for the acts, occurrences and events alleged herein. Plaintiff will amend this complaint to insert the true names and capacities of said Doe defendants when that information has been ascertained.

9. On information and belief, Defendants herein intentionally, willfully and maliciously committed, directed, organized and participated in the unlawful acts complained of herein.

## COMMON FACTS

10. Plaintiff owns valuable rights in the federally registered trademark "FOUNDATION LAW" that has been used widely and continuously in California and nationwide since August 1, 2013 in connection with legal services.

11. Plaintiff is the registered owner of federal trademark number 4996747 in class 45 for the word mark "FOUNDATION LAW", *see* Exhibit A.

12. Plaintiff is a national law firm, with attorneys and clients nationwide, offering legal services under the marks "FOUNDATION LAW", "FOUNDATION LAW GROUP" and other similar names nationwide.

13. Defendant Weiru Wang is an attorney licensed in California who owns and operates a law firm "Foundations Law Office" in Sacramento, California. Upon information and belief, this use of Plaintiff's mark by Defendants began in October of 2014.

14. Defendants have blatantly and willfully trampled on Plaintiff's trademark rights by marketing legal services under the confusingly similar or identical names "Foundations Law Office" and "Foundations Law".

15. On November 3, 2015 Plaintiff applied for registration of a trademark with the USPTO in class 45 for "FOUNDATION LAW" with a date of first use of August 1, 2013, which was registered on July 12, 2016.

16. Plaintiff has used the name "FOUNDATION LAW" in the legal services industry since August of 2013. Plaintiff markets its legal services under this name directly to

clients as of August of 2013 and on their websites at www.FoundationLaw.com, www.Foundationllp.com, among other means.

17. On or about January 30, 2017, Plaintiff was informed by a consumer that they stumbled upon the confusingly similar website www.FoundationsLaw.com, and inquired whether the firms were related.

18. Plaintiff immediately sent a cease and desist communication dated February 1, 2017 to Defendants, in which Plaintiff demanded that Defendants immediately cease all use of the "FOUNDATION LAW" mark. Plaintiff sent several follow-up communications in an attempt to have Defendants cease all use of the mark.

19. Despite Defendants actual knowledge of Plaintiff's prior and superior trademark rights, as well as Plaintiff's clear and unambiguous objections to such infringing activities, Defendants continue to use the mark as of the time of filing of this complaint.

20. As of the time of filing of this complaint, Defendants continue to own and operate their infringing website www.FoundationsLaw.com. Defendants' website is not and has never been authorized by Plaintiff and exists in further violation of Plaintiff's mark.

21. As of the time of filing of this complaint, Defendants' office telephone message still states "Welcome to Foundations Law" and Defendants' LinkedIn page and other social media accounts are still actively operating under the name "FOUNDATIONS LAW OFFICE" and offering legal services under the "FOUNDATIONS LAW" mark.

22. The use of the infringing "FOUNDATIONS LAW" mark is without the consent of Plaintiff and is damaging Plaintiff by means of diminution of goodwill and reputation.

23. On information and belief, Defendants' services are offered in the same types of distribution channels, to the same classes of consumers as Plaintiff's services, and the parties' services are offered through overlapping channels of trade.

24. Defendants' wrongful use of Plaintiff's mark is likely to cause, and has caused, confusion, mistake, or deception in the minds of the public.

25. The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants at the expense of Plaintiff.

26. Defendants have willfully and maliciously infringed upon Plaintiff's trademark, unlawfully restricting Plaintiff from continuing to build its business around the mark, and creating confusion in the marketplace.

27. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiff's mark is causing irreparable harm to the goodwill symbolized by Plaintiff's mark and the reputation for quality services it embodies.

## FIRST CLAIM FOR RELIEF - FEDERAL TRADEMARK INFRINGEMENT

28. Plaintiff incorporates by reference paragraphs 1-27 as though fully set forth herein.

29. Defendants' wrongful use of the name "FOUNDATIONS LAW" is likely to cause confusion, cause mistake and/or cause deception as to the source or origin of Plaintiff's services, or that the two are in some way legitimately connected, causing irreparable harm to Plaintiff.

30. Defendants' use of the protected "FOUNDATION LAW" mark is a violation of 15 U.S.C. §1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation for which Plaintiff has no adequate remedy at law.

31. Plaintiff has no control over the nature or quality of Defendants' services.

32. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade the goodwill associated with Plaintiff's federally registered "FOUNDATION LAW" mark to Plaintiff's great and irreparable injury.

33. Defendants have caused and are likely to continue causing substantial injury to the public and Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF - LANHAM ACT SECTION 43(a)

34. Plaintiff incorporates by reference paragraphs 1-33 as though fully set forth herein.

35. Defendants' aforementioned acts constitute direct and/or contributory trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a) et seq.

36. As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's "FOUNDATION LAW" mark. Plaintiff is without adequate remedy at law.

**THIRD CLAIM FOR RELIEF - UNFAIR COMPETITION**

37. Plaintiff incorporates by reference paragraphs 1-36 as though fully set forth herein.

38. Defendants aforementioned acts constitute unfair competition under state law and common law.

39. Plaintiff has been damaged by Defendants' aforementioned acts.

**FOURTH CLAIM FOR RELIEF – FALSE DESCRIPTION**

40. Plaintiff incorporates by reference paragraphs 1-39 as though fully set forth herein.

41. Defendants' wrongful us of Plaintiff's mark is such a colorable imitation and copy of Plaintiff's trademark established in the legal services industry that Defendants' use thereof in the context of legal services is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's services, or to deceive consumers as to the origin, sponsorship or approval by Plaintiff of the Defendants' identical services.

**FIFTH CLAIM FOR RELIEF – COMMON LAW INJURY TO BUSINESS REPUTATION**

42. Plaintiff incorporates by reference paragraphs 1-41 as though fully set forth herein.

43. Plaintiff alleges that Defendants' wrongful use of Plaintiff's trademark inures to and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Defendants and their services will believe that Defendants are affiliated with or related to or has the approval of Plaintiffs, and any adverse reaction by the public

to Defendants and the quality of their services and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoy in connection with its mark "FOUNDATION LAW".

**WHEREFORE, Plaintiff prays as follows:**

1. That the court enter judgment in favor of Plaintiff against Defendants for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

2. That the court find that Defendants have violated 15 U.S.C. 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

3. That the court find that Defendants have violated 15 U.S.C 1125 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

4. That the court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C 1117.

5. That the court enjoin Defendants from using Plaintiff's trademark depicted in Exhibit A, or any colorable imitation thereof.

6. That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction.

7. That the court award such other and further relief as it deems just and equitable.

DATED: March 21, 2017

FOUNDATION LAW GROUP LLP

BY: Sevag Demirjian
Attorneys for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

DATED: March 21, 2017

FOUNDATION LAW GROUP LLP

BY: Sevag Demirjian
Attorneys for Plaintiff